PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKY JAMISON, | CASE NO. 3:19-CV-2834 |
| Petitioner, | |
| v. | JUDGE BENITA Y. PEARSON |
| ANNETTE CHAMBERS SMITH, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | [Resolving ECF No. 2] |

Pending is *pro se* Petitioner Ricky Jamison's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons that follow, the Petition is denied and the action is dismissed.

### I. Background

Petitioner is currently incarcerated in the Chillicothe Correctional Institution, having been convicted in the Lucas County Court of Common Pleas in 2012 on charges of rape and kidnaping.[1] He does not challenge his conviction or his sentence. Instead, Petitioner asserts claims pertaining to medical treatment for a "knots-tumor" in his leg. ECF No. 1 at PageID #: 16. He seeks an MRI and surgery, if necessary, to remove the knots. *See id*.

### II. Law and Analysis

Promptly after the filing of a habeas petition, the Court must undertake a preliminary

---

[1] According to the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A668066 (last visited April 6, 2020)), Petitioner is currently confined at the Chillicothe Correctional Institution.

(3:19CV2834)

review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (noting that, under Rule 4 of the Rules Governing Section 2254 Cases, a district court can summarily dismiss the petition without requiring a response from the government if the petition and exhibits plainly show that petitioner is not entitled to relief); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (noting that district courts have a duty to "screen out" petitions that lack merit on their face).

Federal law provides two main avenues to relief for claims related to imprisonment: (1) a petition for a writ of habeas corpus, 28 U.S.C. § 2254; and (2) a civil rights complaint under 42 U.S.C. § 1983. *Muhammed v. Close*, 540 U.S. 749, 750 (2004). Habeas corpus petitions allow for challenges to the validity of any confinement or to factors affecting its duration. *Id*. Constitutional claims that challenge the conditions of a prisoner's confinement, "fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Hodges v. Bell*, 170 F. App'x 389, 392 (6th Cir. 2006). Because, Plaintiff's claims of inadequate medical care pertain to the conditions of his confinement and not to the fact or duration of his confinement, he must assert them in a civil rights action under 42 U.S.C. § 1983. He cannot bring them in a petition for a writ of habeas corpus.

(3:19CV2834)

Accordingly, Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 2) is granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

| | |
|---|---|
|  April 6, 2020 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |